UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE: AMY C. WEATHERS                                 CASE NO. 08-14547-DWH
                                                                                                         CHAPTER 7

DUTCH PHARMACIES, INC.                                    PLAINTIFF

VERSUS                                                       ADV. PROC. NO. 11-01029-DWH

AMY C. WEATHERS                                                   DEFENDANT

## OPINION

On consideration before the court is a motion to alter or amend an order granting summary judgment or for rehearing (referred to hereinafter as motion to alter or amend), filed on behalf of the debtor/defendant, Amy C. Weathers, ("Weathers"); a response to said motion having been filed by the plaintiff, Dutch Pharmacies, Inc., ("Dutch"); and the court, having considered same, hereby finds as follows, to-wit:

I.

The court has jurisdiction of the parties to and the subject matter of this adversary proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A), (I), and (O).

On October 26, 2011, this court entered an opinion and order sustaining a motion for summary judgment which had been filed by Dutch. As explained hereinbelow, in deciding the motion to alter or amend, the court has reconsidered its earlier decision and has now determined that a part of the aforementioned opinion and order, dealing with the liquidated damages

provision in Weathers' Employment Agreement, should be vacated and set aside. However, the remaining part of the opinion and order, dealing with the non-compete provision in the Employment Agreement, will not be disturbed and will remain in effect.

II.

## LIQUIDATED DAMAGES PROVISION

Although Weathers acknowledged the potential viability of the liquidated damages provision in her response to Dutch's motion for summary judgment, Weathers' attorney, in the recently filed motion to alter or amend, adamantly asserted that Dutch had <u>candidly conceded</u> that the liquidated damages provision in the Employment Agreement was not enforceable because of Weathers' Chapter 7 discharge.

In complete disagreement, Dutch, in its response to the motion to alter or amend, states that the comment of Weathers' attorney is "patently false." The court obviously never thought that Dutch had conceded this issue, candidly or otherwise. The court was of the opinion that Dutch sought the enforcement of the Employment Agreement "in its entirety." That was expressly stated in Dutch's motion for summary judgment, and, in the opinion of the court, is still a viable issue.

Weathers' attorney has now posited for the first time the argument that the liquidated damages provision in the Employment Agreement is a pre-petition debt that Weathers was to "work off" over a ten year period. To insure that this issue was not inadvertently overlooked, the court reviewed again Weathers' initial response to the motion for summary judgment and verified that this argument was not presented to the court earlier, but only in the most recently filed motion to alter or amend.

Weathers' attorney took issue, somewhat condescendingly, with this court's reliance on the decision in *In re Zuniga*, 287 B.R. 201 (Bankr. E.D. Mo. 2001), arguing that *Zuniga* was no longer good law as a result of a district court decision in *Permacel Kansas City, Inc. v. Kohler Co.*, 2010 WL 2516924 (W.D. Mo. 2010). The *Permacel* decision did not discredit *Zuniga*, it only acknowledged that the factual circumstances in *Zuniga* were distinguishable from those in *Permacel*. *Zuniga* has never been reversed, so it is still good law.

Like Weathers, the debtor in *Zuniga* argued that the Chapter 7 trustee in her case did not assume or reject the executory contract in question, and, therefore, the contract was deemed rejected and the resulting damage claim was dischargeable as a pre-petition debt. The *Zuniga* court disagreed with this argument and offered the following comment:

> If the Chapter 7 trustee fails to assume or reject an executory contract, it is deemed rejected. 11 U.S.C. §365(d)(1). An executory contract is not subject to §365, however, when the debtor fails to disclose the existence of the contract on her bankruptcy schedules. A trustee cannot be deemed to have rejected a contract of which he was not aware and which was not listed in the debtor's schedules. *Financial Corp. v. McCraw Candies, Inc.*, 347 F.Supp. 445 (N.D.Tex. 1972)...

*Id.* at 206.

Weathers, also like the debtor in *Zuniga*, failed to list Dutch as a creditor or as a party to an existing executory contract in her original schedules. Weathers' lack of candor should be contrasted to that of her former business partners, William Coleman and James Gable, who both scheduled Dutch as a creditor in their respective bankruptcy filings.

Weathers continued to work for Dutch without interruption during the administration of her bankruptcy case and, thereafter, for approximately seventeen months after her case had been closed. She was earning $100,000.00 per year, plus bonuses and benefits. After this lengthy

3

post-discharge period, Weathers unilaterally terminated her employment with Dutch and began employment with a competitor within the non-compete prohibited area in Lowndes County, Mississippi.

After Dutch reopened Weathers' bankruptcy case and filed the current adversary proceeding, Weathers, approximately six weeks later, filed an amended Schedule G, listed the Employment Agreement with Dutch, and indicated that it was rejected. Whether Weathers is estopped, either equitably or judicially, from belatedly rejecting the Employment Agreement is being addressed and will be addressed by the court in the determination of this adversary proceeding.

The court is well aware that an unscheduled <u>pre-petition</u> debt in a Chapter 7 bankruptcy case can be subsequently considered a discharged debt, despite the provisions of § 523(a)(3) of the Bankruptcy Code, when the Chapter 7 case is a "no asset" case and the creditor would not have benefitted even if its claim had been timely scheduled. *See, In the Matter of Stone*, 10 F.3d 285 (5th Cir. 1994). However, this court has never encountered a situation where this exception to § 523(a)(3) has been applied to an unscheduled <u>post-petition</u> debt. Consequently, whether the liquidated damages provision should be considered a pre-petition debt or a post-petition debt is critical to Weathers' liability. Thus, even though Weathers' most recent argument is somewhat tardy, the court will give her a "second bite" to address this issue: "Is the liquidated damages provision a pre-petition debt even though it was triggered by an event (Weathers unilateral termination of her employment) that occurred seventeen months after Weathers' bankruptcy case was closed?"

Consequently, that part of the court's previous decision adjudicating the viability of the liquidated damages provision will be vacated, and this issue will be reopened for further proceedings.

III.

NON-COMPETE PROVISION

In deciding the issue of the covenant not to compete provision in the Employment Agreement, the court, in addition to the *Zuniga* decision, mentioned hereinabove, relied on the following decisions:

1. *Jackson Hewitt, Inc. v. Childress*, 2008 WL 834386 (D. N.J. 2008).

2. *Sir Speedy, Inc. v. Morse*, 256 B.R. 657 (D. Mass. 2000).

3. *In re Steaks To Go, Inc.*, 226 B.R. 35 (Bankr. E.D. Mo. 1998).

4. *In re Don & Lin Trucking Co., Inc.*, 110 B.R. 562 (Bankr. N.D. Ala. 1990).

5. *Carstens Health Industries v. Cooper (In re Cooper)*, 47 B.R. 842 (Bankr. W.D. Mo. 1985).

Each of the listed decisions stands for the proposition that even if an executory contract is rejected, a condition similar to the non-compete provision is still enforceable.

The aforementioned conclusion is consistent with a Fifth Circuit decision cited coincidentally to this court by Weathers, *Sheerin v. Davis (In the Matter of Davis)*, 3 F.3d 113 (5th Cir. 1993). Sheerin had been awarded a judgment for fraud against Davis in a Texas state court. Thereafter, Davis filed bankruptcy, and Sheerin sought a determination that his judgment, which included certain equitable remedies ordered by the state court, was non-dischargeable. *Davis*, 3 F.3d at 114. The bankruptcy court for the Southern District of Texas concluded that the

fraud debt was non-dischargeable pursuant to §523(a)(4) of the Bankruptcy Code, as well as, that some of the equitable remedies were non-dischargeable because they were not "debts" within the meaning of §§101(5) and (12) of the Bankruptcy Code. *Id.* Both the District Court and the Fifth Circuit affirmed. *Id.* at 117. Davis had taken the position, much like Weathers, that his failure to perform the obligations under the equitable remedies would justify an award of monetary damages, so the remedies should be dischargeable in his bankruptcy case as pre-petition claims. The Fifth Circuit declined to define "claim" so broadly. Judge Higginbotham, writing for the court, offered the following comment which is pertinent to Weathers' non-compete obligation:

> ...The ability of a debtor to choose between performance and damages in some cases is not the same as a debtor's liability for money damages for failing to satisfy an equitable obligation. *See In re Chateaugay Corp.,* 944 F.2d 997, 1007-08 (2nd Cir. 1991). While Section 101(5)(B) encourages creditors to select money damages from among alternative remedies, it does not require creditors entitled to an equitable remedy to select a sub-optimal remedy of money damages.

*Id.* at 116.

Indeed, the non-compete provision in Weathers' Employment Agreement is consistent with the equitable remedies discussed in *Sheerin v. Davis*. Weathers' liability under the non-compete provision did not arise until she terminated her employment with Dutch and commenced employment with a competitor in a contractually prohibited area. The non-compete provision continues on a daily basis. It does not automatically translate into a specific monetary amount because it cannot be readily liquidated or quantified. In addition, because of its continuous nature, it cannot be categorized as a pre-petition obligation.

As noted hereinabove, Weathers did not schedule the Employment Agreement in her original bankruptcy papers. She continued to enjoy the benefit of gainful employment pursuant

to the agreement both during and long after the administration of her bankruptcy case. Until the recent amendments to her schedules, occurring after this adversary proceeding had been filed, she never affirmatively attempted to reject the Employment Agreement or even make the owners of Dutch, who actually employed her, aware of her bankruptcy filing. Obviously, the Chapter 7 trustee had no notice that there was an executory contract in existence to either assume or reject, and had no interest regardless. Even a deemed rejected executory contract can have repercussions to the rejecting debtor as a result of the rejection damages that often arise. The rejection is effective the date of the filing of the bankruptcy petition, so if the damages are purely monetary, they could well be discharged as the debtor attempted to do in *Sheerin v. Davis*. The non-breaching party might then receive nothing in compensation for the rejection damages if there were no assets in the bankruptcy estate. This is precisely what Weathers is attempting to orchestrate in this proceeding by having the liquidated damages provision, as well as, the non-compete provision classified as pre-petition monetary obligations. While there is a possibility that Weathers may be successful insofar as the liquidated damages provision is concerned, the non-compete provision is identical to those non-dischargeable equitable remedies in *Sheerin v. Davis*. If the non-compete provision is otherwise validly enforceable pursuant to state law, it survives the filing of this bankruptcy case. A conclusion to the contrary, considering the circumstances of this proceeding, would pervert the intent of § 365(d)(1) of the Bankruptcy Code.

In summary, the covenant not to compete in the Employment Agreement will not be considered rejected, deemed rejected, or discharged. Bankruptcy law, including the automatic stay, since Weathers has received a discharge, does not preclude Dutch from filing a cause of

action seeking to enforce the non-compete provision in a state court of competent jurisdiction. This court, however, makes no comment regarding the actual merits of such a cause of action.

A separate order will be entered consistent with this opinion contemporaneously herewith.

This the 21st day of December, 2011.

/s/ David W. Houston, III
DAVID W. HOUSTON, III
UNITED STATES BANKRUPTCY JUDGE